

### APPEARANCES OF COUNSEL

**Richard H. Willits, Esquire,** for plaintiff.

**John D. Cecelian, Esquire,** for defendant.

### OPINION OF THE COURT

MARY E. LUPO, Circuit Judge.

### *FINAL JUDGMENT FOR PLAINTIFF*

This matter came before the court for non-jury trial on September 21, 1989. Richard H. Willits, Esq. appeared on behalf of the plaintiff; John D. Cecelian, Esq. appeared on behalf of the defendant.

The parties stipulate to the following facts:

1. The plaintiff, Elaine DeBothuri f/k/a Elaine Bedard Schreiber, owns and resides in a condominium unit located in a building at 3520 S. Ocean Blvd., F203, Palm Beach, Florida. This is a second-story unit, with several floors of units located above the plaintiff, and one unit located below her.

2. On or about December 4, 1981, Allstate Insurance Company issued to Elaine Bedard a condominium unit owner's policy number 0 41 506 498 12/4 for an indefinite policy term. The policy insures subject to all of the terms and conditions contained in the policy and its endorsements.

3. On several occasions which occurred during the months of March and April, 1982, and in 1983, windstorms caused rainwater to enter the building at 3520 S. Ocean Blvd. and the condominium unit of Elaine DeBothuri f/k/a Elaine Bedard Schreiber, causing damage to items of personal property owned by Ms. Schreiber which were located inside the building and in the unit and other condominiums at 3520 S. Ocean Blvd.

4. The rain which caused the damage to the plaintiff's property entered her unit through one or more of the following ways:

a. Improper installation of the windows in one or more condominium units on floors above the unit of the plaintiff allowed rain to enter the upstairs units. That rain subsequently flowed down the wall and ceiling and into the plaintiff's unit.

b. Improper maintenance and/or installation of the stucco and/or waterproofing of the exterior of the building allowed rain to enter the walls, and some of that rain entered the plaintiff's unit.

c. Improper installation and/or construction of the roof of the condominium building allowed rain to enter the building, and that rain filtered down through the various floors until it reached the plaintiff's unit.

d. A window was left open in an upstairs unit allowing rain to enter the building, and some of that rain entered plaintiff's unit.

5. The source of the water which entered the building and plaintiff's condominium unit causing damage was rain. The rain did not enter the building or the condominium unit through openings made by the force of wind or hail.

6. The booklet which forms the permanent part of the policy in question has been received in evidence as plaintiff's exhibit #1 and made a part of this stipulation (condominium owner's policy).

7. The parties have agreed on the amount of damages.

The sole issue to be determined by the court is whether or not there is insurance coverage under the Allstate Condominium Owner's Policy for damage to the plaintiff's personal property. The plaintiff claims that the damage was caused by water and is, therefore, covered under the

policy. Allstate claims that there is a specific exclusion under the policy on page 6, section 2b for loss to property inside a building caused by rain unless wind or hail first damages the roof or walls and the wind forces rain through the opening.

The court received the testimony of LaVerne Donaldson, exhibits in evidence, argument of counsel, trial briefs, and proposed judgments in support of each party's position. The court finds that the testimony of the plaintiff's expert is unnecessary to the resolution of the issue in dispute in this case.

The court makes the following findings that support the existence of coverage to the plaintiff under this policy of insurance:

1. The policy does provide coverage for water damage, and the type of water damage sustained by the plaintiff was not specifically excluded.

2. The policy does not exclude indirect loss by rain. At the very least, the policy contains an ambiguity which must be construed in favor of the insured.

3. The policy specifically provides a grant of coverage for water damage arising out of inherent or latent defect and vice (page 8, #9).

The facts of this case are distinguishable from those in *New Hampshire Company v Carter,* 359 So.2d 52 (Fla. 1st DCA 1978) where the trial court found coverage for rainfall under the "falling objects" provision of the policy.

It is hereby ORDERED AND ADJUDGED that under the stipulation of facts there was coverage under the Policy of Insurance Number 0 42 506 498 12/4 between Allstate Insurance Company and Elaine DeBothuri for damage to her personal property in her condominium unit caused by rain.

The court reserves jurisdiction to assess costs and attorney's fees upon agreement of counsel or notice and hearing.

DONE AND ORDERED this 11th day of October, 1989 in chambers at West Palm Beach, Palm Beach County, Florida.